## INJURIES RECEIVED IN EXPOSED MACHINERY.

Circuit Court of Hamilton County.

THE EIGHT HOUR TOBACCO CO. v. GEORGE KOELLNER.

Decided,  March  12,  1910.

*Unguarded Machinery—Failure to Enclose Does Not Render a Master*
    *Liable for Injury in, When—Proximate Cause—Negligence—Doc-*
    *trine of Respondeat Superior—Charge of Court—Section 4364-89c.*

1. The fact that an engine was not surrounded with a guard-rail does
   not render the master liable for an accident to an outsider who
   was assisting the master's own employes in carrying a heavy
   piece of machinery past the engine, where it appears that under
   the circumstances a guard-rail would not have prevented the hap-
   pening of the accident.

2. Where, in such a case, there is testimony tending to prove that the
   plaintiff tripped over a corner of the engine platform while walk-
   ing backwards assisting in carrying the weight, and the accident
   was due to no fault of the workmen assisting him, it is error to
   refuse to charge the jury on that theory of the case.

GIFFEN, P. J.;  SWING, J., and SMITH, J., concur.

The plaintiff in the original action, George Koellner, sold and
delivered to the defendant, the Eight Hour Tobacco Co., a steam
pump weighing about 400 lbs., and while assisting the employes
of the defendant in carrying the pump through a narrow passage-
way, on one side of which was a revolving engine, suffered a
fracture of his right arm by a stroke from the crank of the en-
gine.    The jury returned with a general verdict for the plaintiff
the following interrogatory and answer:

"What act or acts, if any, on the part of the defendant, was
the immediate cause of the plaintiff's injury?  In permitting
an engine to operate at the time the pump was being carried in
a narrow passage-way without said engine being guarded."

Although the passage-way was only 2½ feet wide with a coal-
bin on one side and an engine operating on the other, the pump
was bulky and heavy and three men were assisting plaintiff in
the work, it does not appear that the work could not be per-

formed with reasonable security provided each and all of the workmen exercised ordinary care.   Had the engine itself been surrounded by an ordinary guard-rail, it would have afforded plaintiff's arm no protection, unless placed at such height as would·prevent his arm from extending over or under it and from coming in contact with the engine.

It is averred in the petition, and the evidence tends to prove, that the engineer, one of the three employes of the defendant, negligently caused said pump to be moved so as to force plaintiff over and upon the revolving wheel of the engine.   If this be so, then the negligent act of the engineer was the proximate cause of the injury and the unguarded engine only a condition; but in that event the defendant would be liable as he was not a fellow-servant and the doctrine of *respondeat superior* applies. *St. Railway Co.* v. *Bolton,* 43 O. S., 224; *Railroad Co.* v. *Marsh,* 63 O. S., 236.

On the other hand there is testimony tending to prove that the plaintiff accidentally tripped on the corner of the engine platform while walking backward and carrying the pump; and without any fault of the other workmen.   This theory of the case was presented by special instruction No. 5 requested by the defendant but refused by the court.   We think this was error, because under such circumstances the unguarded revolving engine was not the proximate cause of the injury; but the efficient and direct cause was the accidental tripping of the plaintiff.

The defendant objects to the charge of the court upon contributory negligence, because not in issue; but it offered testimony tending to prove such negligence and it was received without objection, hence it can not consistently complain of an appropriate instruction for the consideration and application of such evidence by the jury.

Special instruction No. 1 given by request of defendant, although most favorable to it, should not have been given, because it excludes all consideration of the negligence of the employes assisting in the work.

The judgment will be reversed for error in refusing special instruction No. 5 requested by defendant, and the cause remanded for a new trial.